UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**BUILDING TRADES UNITED PENSION FUND**
**And DOUG EDWARDS (in his capacity as trustee),**

**NORTH CENTRAL STATES REGIONAL**
**COUNCIL OF CARPENTERS PENSION FUND**
**And JERRY SHEA (in his capacity as trustee),**

      **Plaintiffs,**

 v.                 Case No. 20-cv -1074

**STEEL ROCK COMMERCIAL LLC,**

      **Defendant.**

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

 1. Jurisdiction of this Court upon Defendant Steel Rock Commercial LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of a collective bargaining agreement, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer

Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA §502(e)(2) (29 U.S.C. §1132(e)(2)) in that the Plaintiff North Central States Regional Council of Carpenters Pension Fund has its principal place of business located and funds administered in Eau Claire County, Wisconsin.

### Parties

3. Plaintiff North Central States Regional Council of Carpenters Pension Fund (hereby the "Pension Fund") is an employee benefit plan within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of the Plan. Said Plan maintain offices at P.O. Box 4002, Eau Claire, WI 54702.

4. Plaintiff Jerry Shea is a trustee and a fiduciary of the North Central States Regional Council of Carpenters' Fringe Benefit Funds, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Shea maintains an office at 2350 Galloway Street, Eau Claire, Wisconsin 54702.

5. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the trustees, participants and beneficiaries of

said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

6. Plaintiff Doug Edwards is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Mr. Edwards maintains an office at 3300 South 103rd Street Milwaukee, Wisconsin 53227.

7. Defendant Steel Rock Commercial LLC is a domestic limited liability company, engaged in business, with principal offices located at 135 South 84th Street, Suite 110, Milwaukee, WI 53214. Its registered agent for service of process is Steel Rock Corp., 135 South 84th Street, Suite 110, Milwaukee, WI 53214.

## Facts

8. Steel Rock Commercial LLC (hereinafter "Steel Rock") is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

9. For all times relevant, Steel Rock was a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the North Central States Regional Council of Carpenters (hereinafter the "Union").

10. The Labor Agreements described herein contain provisions whereby Steel Rock agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

11. The Union represents, for purposes of collective bargaining, certain Steel Rock employees and employees of other employers in industries affecting

interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

12. By execution of said Labor Agreements, Steel Rock adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

13. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Steel Rock has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized working dues and they pay said sum to the Union;

    c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

      d.    to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

      e.    to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

      f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

      g.    to pay, in addition to contributions, liquidated damages and interest, all actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

14. Steel Rock has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

      a.    failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all Steel Rock's covered employees; and

      b.    failing to accurately report employee work status to the Plaintiffs.

15. ERISA § 502(g)(2), as amended by the MPPAA provides:

    (2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

  (A) the unpaid contributions,

  (B) interest on the unpaid contributions,

  (C) an amount equal to the greater of –

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

 16. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in

accordance with the terms and conditions of such plan or agreement.

17. Despite demands that Steel Rock perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has wholly failed, neglected, omitted, and refused to make those payments. Steel Rock is now indebted to the Plaintiffs as follows:

<u>Unaudited Period July 1, 2019 to Present</u>:

| | |
|---|---|
| Building Trades United Pension Fund | Unknown |
| North Central States Regional Council of Carpenters Pension Fund | Unknown |

18. Despite demand from the Funds' auditor, Steel Rock has denied the Funds' auditor access to books and records needed to compile an audit for the period July 1, 2019 to the Present.

### Claim One Against Defendant Steel Rock Commercial LLC
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

19. As and for a claim for relief against Steel Rock, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 18 above and incorporate the same as though fully set forth herein word for word.

20. Due demand has been made by the Plaintiffs upon Steel Rock for access to its books and records fort a compliance audit, but Defendant has refused to make such arrangements as are necessary for such an audit.

21. Because, as the Plaintiffs are informed and believe, Steel Rock has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of Plaintiffs' trust funds is reduced, Plaintiffs' income is reduced, and their ability to

pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and Plaintiffs' employee benefit plans have been violated, and the Plaintiffs are entitled to all remedies provided by ERISA.

22. Because Steel Rock has failed to make timely and prompt contributions, some of the Plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if Steel Rock is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Steel Rock:

   A. For unpaid contributions, interest, and liquidated damages owed to the Plaintiffs for the time period July 1, 2019 to the present;

   B. For unpaid contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

   C. Actual attorney fees and the costs of this action.

2. An order requiring Steel Rock to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Steel Rock's accounts receivable. With respect to each account receivable, Steel Rock shall itemize:

      A.      The amount of each account receivable.

      B.      The period of time during which such receivable accrued.

      C.      The location of the premises upon which the work was performed.

      D.      The nature of the improvement involved for which the account receivable is due.

      E.      The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Steel Rock to fully submit to an audit of the company's books and records by the Funds' designated representative for the period July 1, 2019 to the Present.

4. The Court should retain jurisdiction pending compliance with its order.

5. For such other, further or different relief as the Court deems just and proper.

Dated this 2nd day of December, 2020.

                                                s/Christopher J. Ahrens
Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Ave, Suite 100MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorney for Plaintiffs